UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUDITH SCRUGGS, ADMINISTRATIX : <br> OF THE ESTATE OF J. DANIEL : <br> SCRUGGS, : <br>     Plaintiff, : <br> : <br> vs. : <br> : <br> MERIDEN BOARD OF EDUCATION, : <br> ELIZABETH RUOCCO, Individually and : <br> as Meriden Superintendent of Schools, : <br> MARY BETH IACOBELLI, Individually : <br> and as Vice Principal, and DONNA MULE, : <br> Individually and as School Guidance : <br> Counselor, : <br>     Defendants. : | Civil No. 3:03cv02224 (PCD) |

**RULING ON MOTION FOR RECONSIDERATION**

Pursuant to D. Conn. L. R. Civ. P. 7(c), Defendants move for reconsideration of the Court's August 26, 2005 Ruling [Doc. No. 58] granting in part and denying in part Defendant's Motion for Judgment on the Pleadings [Doc. No. 50]. For the reasons stated herein, Defendants' Motion for Reconsideration [Doc. No. 59] is **granted** and the prior ruling is **vacated in part** and **affirmed in part.**

**I.   BACKGROUND**

Plaintiff filed the Complaint in this action on December 22, 2003, alleging violations of 42 U.S.C. § 1983 for deprivations of her son J.D.'s rights under federal and state law and the Fourteenth Amendment of the United States Constitution, conspiracy to deprive J.D. of due process and equal protection under 42 U.S.C. § 1985 and common law, failure to prevent a

1

violation of J.D.'s constitutional rights under 42 U.S.C. § 1986, violations of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and common law negligence.  On February 2, 2005, Defendants filed a Motion for Judgment on the Pleadings [Doc. No. 50] on all five counts of the Complaint.  The Court issued a ruling [Doc. No. 58] on August 26, 2005, granting Defendants' Motion for Judgment on Count Four to the extent that Plaintiff seeks punitive damages under the Rehabilitation Act and the ADA and granting judgment on the pleadings for Count Four against Defendants Ruocco, Iacobelli, and Mule in their individual capacities.  The Court denied the Motion for Judgment on the pleadings for the remainder of the claims.  Subsequently, on September 12, 2005, the Defendants filed this Motion for Reconsideration.

## II.   STANDARD OF REVIEW

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").  Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked –matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made."  Id.; Horsehead Res. Dev. Co., Inc. v.

2

B.U.S. Envtl. Serv., Inc., 928 F.Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted).  Ultimately, however, the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment.  See Virgin Atl., 956 F.2d at 1255.

### III.   DISCUSSION

#### A.   Qualified Immunity

The Court affirms its prior ruling denying dismissal of all claims against the individual Defendants on the basis of qualified immunity.  The Second Circuit has held that there are three circumstances in which a government official sued in his or her individual capacity is entitled to qualified immunity: "(1) if the conduct attributed to him was not prohibited by federal law; ... or (2) where the conduct was so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time it occurred; ... or (3) if the defendant's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken."  Rapkin v. Rocque, 228 F. Supp. 2d 142, 145-46 (D. Conn. 2002) (citing Munafo v. Metro. Transp. Auth., 285 F.3d 201, 210 (2d Cir. 2002)).

To rule on the qualified immunity issue, the Court must consider the threshold question, "Taken in light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Saucier v. Katz, 533 U.S. 194, 201 (2001) (internal citations omitted).  The Court concluded in its prior ruling that Plaintiff has stated a claim for violations of J.D.'s constitutionally protected rights to due process and equal protection.  (See Ruling on Motion for Judgment on the Pleadings at 2-3.)

The next question for the Court to consider is whether J.D.'s rights were "clearly established."  Saucier, 533 U.S. at 201.  "For a constitutional right to be clearly established, its

3

contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, ... but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (internal citations omitted). As a result, in assessing a qualified immunity claim, a Court in particular considers: "(1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful." Back v. Hastings On Hudson Union Free School Dist., 365 F.3d 107, 129 -30 (2d Cir. 2004) (citing Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991)).

     Defendants argue that they are entitled to qualified immunity because several of the federal and state statutes under which Plaintiff sues did not clearly establish J.D.'s rights at the time of the alleged acts. (Def. Mem. to Support Mot. to Reconsider at 4-8.) However, the Complaint sufficiently alleges that J.D. is a learning disabled student and accordingly has rights under 42 U.S.C. § 1983. The Supreme Court and the Second Circuit clearly support the existence of J.D.'s right to due process and equal protection of the laws, and learning disabled students have clearly established statutory and constitutional rights which are sufficiently clear to school administrators and educators. As such, the Court need not consider the merits of Defendants' arguments that particular federal and state statutory provisions did not provide J.D. with rights at the time of the alleged events. Because Plaintiff has asserted rights of J.D. which are clearly established by federal statute and the constitution, the Court cannot conclude at this

4

time that the Defendants are entitled to qualified immunity.  Accordingly, the Court affirms its prior ruling denying Defendants' motion to dismiss all claims against Defendants in their individual capacities on the basis of qualified immunity.

**B.     Waiver**

Defendants argue that, notwithstanding the Court's prior ruling, they are entitled to judgment on the pleadings on the issues of equal protection, common law and statutory civil conspiracy, and liability on the part of Defendant Ruocco because Plaintiff failed to brief the issues in her opposition papers.  The Court disagrees.  To support their motion, Defendants cite cases in which courts refused to consider issues improperly preserved for or briefed on appeal.  See Norton v. Sam's Club, 145 F.3d 114 (2d Cir. 1989); Dumas v. Strange, 2002 WL 1608280, *7 (D. Conn. July 3, 2002).  Similarly, courts may deem abandoned any claims not fully briefed in a motion for summary judgment.  See, e.g., Barlow v. Connecticut, 319 F. Supp. 2d 250, 266 -67 (D. Conn. 2004); Coger v. Connecticut, 309 F. Supp. 2d 274, 280 -81 (D. Conn. 2004); Murphy v. Zoning Com'n of Town of New Milford, 289 F. Supp. 2d 87, 112 (D. Conn. 2003), vacated on other grounds, 402 F.3d 342 (2d Cir. 2005).

However, while the Court may consider claims waived when not fully briefed for a motion for judgment on the pleadings, it is not required to do so.  Rather, it is in the discretion of the court.  See Lipton v. County of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.  Application of this proposition is, however, tempered by this Court's discretion and the maxim that 'foolish consistency is reputedly the hobgoblin of little minds.'") (internal citations omitted).

Here, Plaintiff did not discuss the issues of equal protection, common law and statutory civil conspiracy, or liability on the part of Defendant Ruocco in her opposition to Defendants' Motion for Judgment on the Pleadings.  Nevertheless, the Court exercised its discretion and declined to consider these claims abandoned by Plaintiff.  As such, the Court's ruling denying Defendants' Motion for Judgment on the Pleadings on the issues of conspiracy and liability on the part of Defendant Ruocco is affirmed.  However, upon reconsideration of its prior ruling, the Court, for the reasons stated below, vacates its decision to deny judgment for Defendants on the issue of equal protection.

### 1. Equal Protection

Upon reconsideration, the Court concludes that Defendants are entitled to judgment on the pleadings on Plaintiff's equal protection claim because Plaintiff has failed to sufficiently establish an equal protection violation.  "[T]he equal protection guarantee... extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials."  Barton v. City of Bristol, 294 F. Supp. 2d 184, 194-95 (D. Conn. 2003) (citing Harlen Assocs. v. Inc. Vill. of Mineola, 273 F.3d 494, 499 (2d Cir. 2000)).  Because disabled students are not a protected class and there is no fundamental right to education, Plaintiff must make a "class of one" equal protection claim.  To do so, Plaintiff must allege that J.D. was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  Id. (internal citations omitted).  "To establish such intentional or purposeful discrimination, it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently."  Gagliardi v. Vill. of Pawling, 18 F.3d 188, 193 (2d Cir. 1994) (internal citations omitted).

Plaintiff failed to allege that Defendants singled J.D. out for differential treatment from other disabled students without a rational basis for doing so.  Plaintiff alleges that Defendants "encourage[ed], permit[ed], or acquiesce[ed] in harassment, bullying and assaults upon J. Daniel on the basis of his disability and deprived him of equal protection under the law." (Compl. ¶ 46(e).)  She also alleges that Defendants acted in bad faith and with deliberate indifference to J.D.'s rights.  (Id. ¶¶ 48-49.)  However, Plaintiff fails to allege that the Defendants intentionally treated J.D. differently than other similarly situated students–that is, that in addition to "encourag[ing], permitt[ing], or acquiesc[ing]" in the bullying and harassment of J.D., they acted differently toward other learning disabled students who were also bullied or harassed by their classmates.  See Lindsley ex rel. Kolodziejczack v. Girard Sch. Dist., 213 F. Supp. 2d 523, 530 (W.D. Pa. 2002) (dismissing plaintiff's equal protection claim where plaintiff failed to allege that defendants treated any similarly situated student differently).  Cf. Doe v. Bd. of Tr. of Univ. of Illinois, 429 F. Supp. 2d 930, 943 (N.D. Ill. 2006).  Plaintiff therefore fails to state a "class of one" equal protection claim, and the Court enters judgment on the pleadings in favor of Defendants on this issue.

**IV.    CONCLUSION**

For the reasons stated herein, Defendants' Motion for Reconsideration [Doc. No. 59] is **granted**.  The Court examined the merits of Defendants' claims and the prior ruling is **vacated in part, affirmed in part**.


SO ORDERED.

Dated at New Haven, Connecticut, September  22 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court